UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NATIONAL ELECTRICAL BENEFIT
FUND,

    Plaintiff,

v.

FORCE ELECTRIC, INC.,

    Defendant.

Civil Action No. TDC-15-1788

**MEMORANDUM OPINION**

This case is before the Court on a Motion for Default Judgment. Having reviewed the Motion and supporting documents, the Court finds no hearing necessary. *See* D. Md. Local R 105.6. For the following reasons, the Motion for Default Judgment is GRANTED.

**BACKGROUND**

Plaintiff National Electrical Benefit Fund ("NEBF") is a multiemployer employee pension benefit plan, as that term is defined in the Employee Retirement Income Security Act ("ERISA"). *See* 29 U.S.C. § 1002(2)(A) (2012). Defendant Force Electric, Inc. ("Force Electric"), a company engaged in an industry affecting commerce, is an "employer" for purposes of ERISA. *See* 29 U.S.C. §§ 1002(5). Force Electric is required to make regular contributions to the NEBF pursuant to a Collective Bargaining Agreement ("CBA") with Local Union 1186 of the International Brotherhood of Electrical Workers. By the terms of the CBA, Force Electric must make contributions to the NEBF on a monthly basis in the amount of three percent of the gross labor payroll paid to covered employees. To enable NEBF to determine what contributions are due, the CBA also requires that Force Electric submit monthly reports detailing the hours

worked by all covered employees. Those records show that from May 2011 to February 2015, Force Electric was required, but failed, to make contributions to the NEBF totaling $27,861.72.

Force Electric's contributions to the NEBF are also governed by the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund ("NEBF Trust Agreement"), which makes an employer liable for interest on delinquent contributions at the rate of 10 percent per annum, for liquidated damages in an amount equal to 20 percent of the delinquency, and for all costs and attorney's fees that NEBF incurs in attempting to recover the delinquent contributions.

On June 18, 2015, NEBF filed its Complaint seeking the monies owed by the terms of the CBA and the NEBF Trust Agreement, specifically (1) $27,861.72 in unpaid contributions, (2) $7,671.79 in interest, (3) $5,572.34 in liquidated damages, and (4) reasonable attorney's fees and costs incurred in efforts to recover the delinquent contributions. The Complaint also seeks "an order that interest shall accrue on all delinquent contributions at the rate of 10% per annum until paid in full." Compl. at 5, ECF No. 1.

On July 1, 2015, Force Electric was served with the Complaint, but it has failed to file a responsive pleading. On August 10, 2015, NEBF filed a Motion for Clerk's Entry of Default and a Motion for Default Judgment. On August 11, 2015, a default was entered against Force Electric. In the Motion for Default Judgment, NEBF seeks (1) $27,861.72 in unpaid contributions, (2) $7,671.79 in interest, (3) $5,572.34 in liquidated damages, (4) $1,350.40 in attorney's fees and costs, and (5) "interest on all amounts awarded." Mot. Default J. ¶ 9, ECF No. 5. To date, Force Electric has not responded to the entry of default or to the Motion for Default Judgment.

2

## DISCUSSION

### I.   Legal Standard

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Pursuant to Rule 55(b)(2), after a default has been entered by the clerk, the court may, upon the plaintiff's application and notice to the defaulting party, enter a default judgment. Fed R. Civ. P. 55(b)(2). A defendant's default does not, however, automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) ("[T]rial judges are vested with discretion which must be liberally exercised, in entering [default] judgments and in providing relief therefrom."); *Dow v. Jones*, 232 F. Supp. 2d 491, 494-95 (D. Md. 2002). The Fourth Circuit has a "strong policy that cases be decided on their merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), but default judgment may be appropriate "when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421-22 (D. Md. 2005); *see H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F. 2d 689, 691 (D.C. Cir. 1970) ("[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.").

In reviewing a Motion for Default Judgment, the court accepts as true the well-pleaded factual allegations in the complaint relating to liability. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). The court must determine whether the allegations support the

relief sought. *See id.* To do so, the court may conduct an evidentiary hearing, *see* Fed. R. Civ. P. 55(b)(2), or may dispense with a hearing if there is an adequate evidentiary basis in the record from which to calculate an award. *See Pope v. United States*, 323 U.S. 1, 12 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly."). Rule 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000).

## II. Liability

Because Force Electric has failed to appear or otherwise defend, the Court accepts as true the well-pleaded factual allegations in the Complaint. *Ryan*, 253 F.3d at 780. Those allegations establish that Force Electric was obligated by the terms of the CBA to make timely contributions to the NEBF for hours worked by covered employees, and that Force Electric failed to make those payments for the period from May 2011 to February 2015. The Complaint therefore establishes that Force Electric is liable to NEBF for those unpaid contributions and for additional damages pursuant to the governing agreements.

## III. Damages

By the terms of the agreements between the parties, Force Electric is liable to NEBF for its (1) unpaid contributions, (2) interest on delinquent contributions at the rate of 10 percent per annum, (3) liquidated damages in an amount equal to 20 percent of the delinquency, and (4) costs and attorney's fees incurred in attempting to recover the unpaid contributions. These

provisions track ERISA itself, which provides that employers who fail timely to make contributions are liable for:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of –
>     (i) interest on the unpaid contributions; or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g). NEBF is therefore entitled under ERISA and the terms of the parties' agreements to each of the categories of damages sought in the Complaint.

As for specific amounts, in both the Complaint and the Motion for Default Judgment, NEBF seeks (1) $27,861.72 in unpaid contributions, (2) $7,671.79 in interest, (3) $5,572.34 in liquidated damages, and (4) $1,350.40 in attorneys' fees and costs. To establish the amount of unpaid contributions, interest, and liquidated damages owed, NEBF submits payroll reports, calculations, and the affidavit of Angel Losquadro, its Director of Audit and Delinquencies, in which he attests to the facts in the Complaint and to the accuracy of the delinquency figures. In support of the requested attorney's fees and costs, NEBF submits the affidavit of attorney Jennifer Bush Hawkins stating the hours billed, hourly rate, and costs incurred. Upon a review of this information, the Court deems the request for $1,350.40 in attorney's fees and costs to be reasonable.[1] The Court therefore awards NEBF the requested (1) $27,861.72 in unpaid contributions, (2) $7,671.79 in interest, (3) $5,572.34 in liquidated damages, and (4) $1,350.40 in

---

[1] The supporting Affidavit and accompanying documents establish that NEBF incurred a total of $1,767.70 in attorney's fees and costs to prosecute this claim. However, the Motion for Default Judgment seeks only $1,350.40. *See* Mot. Default J. Ex. 1 at 2, ECF No. 5-1.

attorney's fees and costs. NEBF also requests that this Court order that interest accrue on this award until it is paid in full. Even if not specified in the judgment, post-judgment interest is awarded by, and calculated pursuant to, 28 U.S.C. § 1961. *See White v. Bloomberg,* 360 F. Supp. 58, 63 (D.Md.1973). The Court therefore need not and does not award it separately.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Default Judgment is GRANTED. Plaintiffs are awarded a total of $42,456.25, as specified in the separate Order accompanying this Memorandum Opinion.

Date:  January 19, 2016

THEODORE D. CHUANG
United States District Judge